\* EZRA T. WILLIAMS *versus* FRANCIS O. J. SMITH.

The protest of a promissory note, under the hand and seal of a notary public, is made by our statutes sufficient evidence of the facts stated in such protest, in any court of law.

A notice to an indorser, of the dishonor of a note, is sufficient, if it describe the note with reasonable certainty, though the description may not be strictly accurate.

If one of several joint indorsers of a note is sued alone, he can take advantage of the non-joinder only by plea in abatement.

Where a promissory note is indorsed by the payee and others, in the usual manner, parol evidence is not admissible to show that the indorsement by the others was a *joint* indorsement.

An agreement to pay more than the usual rate of interest for delay, does not discharge an indorser.

In order to discharge an indorser by granting delay, there must be such a valid agreement as would bar the holder of the note from maintaining an action upon it during the time covered by the agreement.

ON REPORT from *Nisi Prius*, DAVIS, J., presiding.

ASSUMPSIT upon three promissory notes signed by D. C. Emery, as treasurer of the York and Cumberland Railroad Company, payable to David Hayes or his order, and indorsed by said Hayes and the defendant and seven other persons.

The plaintiff introduced the notes and the notarial protests. The protests were under the hand and seal of the notary. The following is a copy of the material portions of one, so far as this defendant is concerned :—

" On this tenth day of December, in the year of our Lord one thousand eight hundred and fifty-one, I, H. Ilsley, jr., Notary Public, in and for the county aforesaid, by legal authority, appointed and commissioned under the seal of the State aforesaid, duly admitted and sworn and dwelling in the city of Portland, aforesaid, at the request of E. T. Williams of Westbrook, and holder of the original promissory note, whereof a true copy is on the other side written, and indorse-

---

\* This case was argued and decided in 1858, but accidentally the decision was not announced till 1862.

ments of the same: and presented said note at the office of the York and Cumberland Railroad Company, in this city, and demanded payment of the same of the treasurer thereof, the time and grace expiring this day, the payment of said note was then neglected and refused, and the note dishonored. Afterwards on the same day, and by the next mail, I sent written notice to each of the indorsers, viz., David Hayes, Saccarappa, Me., and Francis O. J. Smith, Westbrook, Me.; I also, at the same time, left another notice at the office of said Smith in this city, notifying each of them that the said note had this day been presented and payment thereof demanded of the treasurer, at the office of said Company in this city, and that the said Company had neglected and refused to pay the same, and that the holder would look to each of them for payment thereof."

The others were similar.

The defendant introduced evidence showing that the principal paid to the plaintiff from time to time, after the maturity of the notes, interest for six months, at the rate of twelve per cent.; that the plaintiff called on the treasurer many times for payment of the notes, but the latter told him he could not pay them, but would pay at the rate of twelve per cent. per annum, until the notes should be paid, if he would wait; that payments were made accordingly, but that the plaintiff uniformly said he would not agree to wait.

The defendant offered to prove that the indorsements on the back of the note were *joint* and not *several* or *successive*, but the evidence was rejected.

The defendant offered the original notices to him, with proof that they were the only ones received by him. The following is a copy of one and the others were like it.

" State of Maine. — Cumberland, ss. — Portland, Dec. 10th, 1851. — To Francis O. J. Smith, Dan'l C. Emery, Treas'r of Y. & C. Railroad Company. — A promissory note for one thousand dollars, dated Portland, June 7, 1851, payable six months from date, at the office of said company, in Portland, in favor of Daniel Hayes, and indorsed by you, is due this day, (the

last day of grace,) and, payment having been duly demanded, at said office, is protested for non-payment. The holder requires of you payment thereof with interest.

"Done at the request of E. T. Williams, Falmouth.

"H. Ilsley, Jr., *Notary Public.*"

The case was withdrawn from the jury and submitted to the full Court, upon the stipulation that, upon so much of the evidence as was legally admissible, judgment should be rendered according to the legal rights of the parties; or, if the evidence rejected was admissible, the case should stand for trial.

*Howard & Strout*, for plaintiff.

*Smith, pro se.*

1. The delay of payment, allowed to the maker of the notes, in consideration of extra interest, paid in advance, releases the indorsers. *Leavitt* v. *Savage*, 16 Maine, 73; *Chute* v. *Pattee & al.*, 34 Maine, 102.

2. The notices were insufficient. They were addressed to Emery, the Treasurer, as well as the defendant, and described notes indorsed by both, and not the notes in suit.

3. The testimony that the indorsements were joint should have been admitted.

Many cases were cited to show that parol evidence is admissible to show the nature of the contract.

The opinion of the Court was drawn up by

GOODENOW, J.— This is an action against the defendant as an indorser of three several promissory notes, signed by D. C. Emery, Treasurer of the York and Cumberland Railroad Company and payable to David Hayes or order, and indorsed by said Hayes, and by the defendant, and also by seven other persons, on six months from date, with interest; one note for $500, and one for $1000, both dated June 7, 1851, and one other for $500, dated June 14, 1851. The notes were protested for non-payment by a notary public; copies of which and of the original protests make a part of the case.

The defendant contends that the notices served on him by the notary were insufficient.

By R. S., c. 44, § 12, the protest of any foreign or inland bill of exchange or promissory note or order, duly certified by any notary public, under his hand and official seal, shall be legal evidence of the facts stated in such protest, as to the same, and also as to the notice given to the drawer or indorser, in any court of law. The protests describe the notes in suit with sufficient accuracy. The original notices offered in evidence by the defendant, but rejected by the Court, if admitted, would not conflict with facts stated in the protest. They may exhibit a want of clerical accuracy, in omitting an " s," with an apostrophe, after the name of the signer of the note. It may be, that the notary was in doubt, whether it was Daniel C. Emery's note or the company's note. We think the defendant could not fail to understand that the notice was to him alone as indorser, and was the same in effect as if the printed blank had been filled without any alteration, to wit, " a promissory note, signed by Daniel C. Emery, Treasurer of the Y. & C. Railroad Company, for one thousand dollars," &c. *Bradley* v. *Davis*, 26 Maine, 50 ; *Cummings* v. *Herrick*, 43 Maine, 203.

The indorsement of the defendant was intended to give value and currency to the note in the market. There is nothing ambiguous on the face of the paper, or outside of it, which parol evidence can be admitted to explain. If it was a joint promise by the defendant and others, the fact could be only pleaded in abatement. But we do not so regard it.

In order to discharge an indorser, there must be a valid agreement for delay, founded upon a sufficient consideration.

An agreement to pay more than the legal rate of interest for delay, does not discharge the indorser. *Whitney* v. *South Paris Manufacturing Company*, 39 Maine, 316.

In *Freeman's Bank* v. *Rollins*, 13 Maine, 202, WESTON, C. J., says, " The bank may have been willing, as a matter of favor and indulgence, to afford additional accommodation, presuming that it was desirable and acceptable to all parties, who

had signed the note; but they could not have intended to preclude a surety from the exercise of the right he had by the terms of the note, to pay it after it became due." In *Oxford Bank* v. *Lewis*, 8 Pick., 458, it was held that the bank, notwithstanding the receipt of interest in advance, retained the power of suing and might, if they apprehended a failure, have made an attachment; and that therefore the surety remained liable. See also 10 Pick., 129. The same principle was again recognized and acted upon by the Court in this State, in *Mariners' Bank* v. *Abbott*, 28 Maine, 280. Mr. Justice WELLS says, in delivering the opinion of the Court, "But there must be a *contract* or *agreement* between the credtor and principal." The case of *Crosby* v. *Wyatt*, 10 N. H., 318, which holds that the reception of interest in advance *is prima facie evidence* of a binding contract, to delay the time of payment, was not overlooked, but it was said in relation to it, that "It is unnecessary to inquire which rule *is* the most reasonable, for the law has been so long settled, on this subject, in our State, that it would be unwise to change it."

The evidence in this case falls far short of proving an *agreement* on the part of the plaintiff to *wait*.

Daniel C. Emery, a witness called by the defendant, on cross-examination, says, that the "plaintiff always told him he would not wait for payment of the notes, and the plaintiff never agreed with witness to wait one moment,—constantly refused to wait—and never agreed to extend the time of payment. By direction of the directors I tried to make same arrangement with him, as with others, about waiting."

According to the agreement of the parties, as reported by the presiding Justice, we are of opinion that a default must be entered. *Defendant defaulted.**

TENNEY, C. J., HATHAWAY, MAY and DAVIS, JJ., concurred.

---

* A similar decision was made at the same term, in the case of *Ezra T. Williams* v. *David Hayes*, which was assumpsit against the defendant, as indorser of the same notes. The case was tried before APPLETON, J., and a verdict ren-

dered for the plaintiff. The defendant excepted to rulings and instructions in accordance with the decision in the other case. The *exceptions were overruled.*

*Howard & Strout,* for plaintiff.

*F. O. J. Smith,* for defendant.

